UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOUGLAS JONES, JR.,

        Petitioner,

v.                                        Case Number: 2:11-cv-13598
                                             Honorable Sean F. Cox

DEBRA SCUTT,

        Respondent,
_____/

### ORDER DENYING IN PART AND GRANTING IN PART PETITIONER'S MOTION TO AMEND, DENYING MOTION FOR IMMEDIATE RELEASE, AND DENYING MOTION FOR IMMEDIATE CONSIDERATION

This is a habeas case filed under 28 U.S.C. § 2254 and 28 U.S.C. § 2241(c)(3). On August 18, 2011, Petitioner John Douglas Jones, Jr., a state inmate currently incarcerated by the Michigan Department of Corrections at the Gus Harrison Correctional Facility in Adrian, Michigan, filed this *pro se* Habeas Petition, challenging the constitutionality of his 2008 conviction for uttering and publishing. Pending before the Court are his "Motion to Amend" [dkt. # 7], "Writ of Assistance" [dkt. # 8], and "Motion for Immediate Consideration" [dkt. # 9], filed on September 14, 2011, September 15, 2011, and October 5, 2011, respectively. For the reasons set forth below, the Motion to Amend is denied in part and granted in part, and the Motions for Immediate Release and Consideration are denied.

I.

Petitioner filed a Motion to Amend his Habeas Petition to add an additional issue, regarding prosecutorial misconduct, and amend the statutory authority under which his Habeas Petition is reviewed from 28 U.S.C. § 2254 to 28 U.S.C. § 2241(c)(3), exclusively.

Federal Rule of Civil Procedure 15 permits a party to amend a pleading once as a matter

of course at any time before a responsive pleading is served. A responsive pleading has not yet been filed and the Petition has not previously been amended. Therefore, the Court permits Petitioner to amend his Habeas Petition in regard to adding his additional issue concerning prosecutorial misconduct only. The documents submitted by Petitioner will be construed as an amendment to his Petition.

However, with respect to Petitioner's request to amend the statutory authority from 28 U.S.C. § 2254 to 28 U.S.C. § 2241(c)(3), the Court will deny the Motion. Petitioner is seeking to have the Court review his Habeas Petition under 28 U.S.C. § 2241(c)(3), only, rather than under 28 U.S.C. § 2254.[1]

Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). The Sixth Circuit has noted that "numerous federal decisions on this issue support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254 and subject to AEDPA's

---

[1] The Court notes that Petitioner filed his original Habeas Petition under both statutes. Now, it appears that he wants to proceed only under 28 U.S.C. § 2241(c)(3).

[Antiterrorism and Effective Death Penalty Act's] restrictions" imposed for obtaining habeas relief from a state conviction. *Rittenberry v. Morgan,* 468 F.3d 331, 337 (6th Cir. 2006) (emphasis in the original); *see also Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) ("In light of the serious question whether a state prisoner *may* proceed under § 2241, there is no reason to think that a state prisoner [] *must* proceed under § 2241, or, a fortiori, that a court commits error by not converting a petition under § 2254 into one under § 2241) (emphasis in the original)). "A number of courts have held that because [section] 2254 is the more specific statute regarding habeas applications, which challenges state-court judgments, the provisions of that section take precedence over [section] 2241." *Davis v. Woods*, No. 09-CV-11254, 2009 WL 1406384, at *1 (E.D. Mich. May 19, 2009) (citations omitted). Thus, despite the labeling on the statutory underpinning of the habeas petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley,* 37 F. App'x 94, 95 (6th Cir. 2002).

The Sixth Circuit, in *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001), further stated:

> [W]hen a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state[-]court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.).

*Greene*, 265 F.3d at 371 (quoting *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir.2000)).

Against that backdrop, the Court finds that Petitioner's Habeas Petition, no matter what the label, will properly be construed under 28 U.S.C. § 2254.

II.

To the extent Petitioner seeks immediate release from custody or release on bail pending disposition of his Habeas Petition, under his "Writ of Assistance,"[2] the Court denies his request.  The Court construes Petitioner's request more appropriately as a "Motion for Immediate Release" under Federal Rule of Appellate Procedure 23(c), which provides:

> While a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–be released on personal recognizance, with or without surety.

The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases."  *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).  Rule 23(c) addresses situations where a party appeals a district court's decision granting habeas relief and ordering a petitioner's release.  This Court has not granted habeas relief in this case.  Therefore, Rule 23(c) is inapplicable to Petitioner's case.

To receive bond pending a decision on the merits of a Habeas Petition, a petitioner must show a substantial claim of law based on the facts surrounding the Petition and the existence of "some circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice."  *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v.*

---

[2]Writ of Assistances were general warrants under the British Crown.  They gave custom officials blanket authority to search where they pleased for goods imported in violation of the British tax laws.  They were denounced by James Otis as the worst instrument of arbitrary power, because they placed the liberty of every man in the hands of every petty officer.  The historic occasion of that denunciation, in 1761 at Boston, has been characterized as perhaps the most prominent event which inaugurated the resistance of the colonies to the oppressions of the mother country.  *See In re Search of Premises Known as 1406 N. 2nd Ave., Iron River, MI 49935*, No. 2:05-MJ-28, 2006 WL 709036 (W.D. Mich. Mar. 17, 2006) (citing *Boyd v. United States*, 116 U.S. 616, 625 (1866)).

*May*, 85 S.Ct. 3, 5 (1964)).  "There will be few occasions where a prisoner will meet this standard."  *Dotson*, 900 F.2d at 79.  Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."  *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

In this case, Petitioner's claims are insufficiently persuasive to establish the existence of any extraordinary and exceptional circumstances which merit immediate release on bond.

Moreover, Respondent's Answer and the Rule 5 materials are not due to be filed with the Court until February 27, 2012.  It is therefore premature for the Court to order the immediate release of Petitioner without having had the opportunity to fully review the record.  Accordingly, to the extent Petitioner is requesting release on bond, the Court denies his request.

### III.

Petitioner also requests that this Court immediately review his Habeas Petition. "Petitioner must persuade the Court that there is a need for the immediate review of his habeas petition by demonstrating an independent basis for such consideration."  *See Grumbley v. Davis*, No. 10-10240-BC, 2010 WL 1874603, at *1 (E.D. Mich. May 10, 2010) (citation omitted).  "In order to determine whether Petitioner's Habeas Petition should be immediately considered, the Court will look at the subject matter of the Habeas Petition and the remedy he seeks, and any prejudice or hardship the parties may incur as a result of the Court's initial determination and subsequent decision to grant or deny habeas relief."  *Id.* (citations omitted).

In this case, the Court finds that Petitioner has not shown "good cause" to expedite a ruling on his Habeas Petition.  He has not demonstrated that reviewing the issues in the Court's

normal course would be prejudicial to his interest or constitute undue delay in light of the fact that the Answer and the Rule 5 materials have not yet been filed. Also, he has not advanced a compelling justification to limit the response time in this case. The Court tries to address all matters, including habeas petitions, in a timely manner, considering its entire caseload. The Court will address the merits of the Petition as expeditiously as possible, and the Court denies this Motion as unnecessary.

IV.

Accordingly, IT IS ORDERED that Petitioner's "Motion to Amend" [dkt. # 7] is DENIED IN PART AND GRANTED IN PART.

IT IS FURTHER ORDERED that Petitioner's "Motion for Immediate Release" [Writ of Assistance dkt. # 8] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Immediate Consideration" [dkt. # 9] is DENIED.

Dated: February 21, 2012         S/ Sean F. Cox
                                  Sean F. Cox
                                  U. S. District Court Judge

I hereby certify that on February 21, 2012, the foregoing document was served upon counsel of record by electronic means and upon John Jones, Jr. by First Class Mail at the address below:

John Jones, Jr
226477
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221

Dated: February 21, 2012         S/ Jennifer Hernandez
                                  Case Manager